UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAA SOCCER ENTERPRISES, LLC,

    Plaintiff,

                                                       Case No. 10-14862

v.                                             Hon. Lawrence P. Zatkoff

TRIPLE SPORTS & ENTERTAINMENT, LLC,

    Defendant.
                                             /

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

This matter is before the Court on Defendant's sealed motion for reconsideration [dkt 36]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), no response is permitted. The Court finds that the facts and legal arguments are adequately presented in Defendant's motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Defendant's motion for reconsideration is DENIED.

In December 2010, Plaintiff filed this action for breach of contract based on Defendant's failure to fully compensate Plaintiff regarding a soccer match held on August 6, 2010, in Michigan. On January 17, 2012, Plaintiff filed its motion for summary judgment. Defending against the entry of summary judgment, Defendant relied on an August 2, 2010, e-mail in its response to Plaintiff's motion. The Court found the August 2, 2010, e-mail inadmissible because it was not authenticated and was hearsay. The Court ultimately granted summary judgment in favor of Plaintiff on June 28, 2012.

On July 12, 2012, Defendant filed the instant motion challenging the Court's exclusion of the August 2, 2010, e-mail from its consideration. Defendant argues that the Court incorrectly

determined that the e-mail was unauthenticated and alternatively hearsay. Had the Court considered the e-mail, Defendant urges the Court that it would have determined a genuine dispute of fact exists and denied Plaintiff's request for summary judgment.

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that *merely present the same issues* ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3) (emphasis added). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp. 2d 609, 618 (E.D. Mich. 2008).

Defendant's motion for reconsideration fails. First, Defendant has presented no new issues that this Court did not address when granting Plaintiff's motion. E.D. Mich. L.R. 7.1(h) expressly counsels against granting a motion for reconsideration based on issues that the Court either "expressly or by reasonable implication" has ruled on. The Court specifically considered the Federal Rules of Evidence and related legal authority regarding authenticity and hearsay of the August, 2, 2010, e-mail.

Second, even considering the merits of Defendant's motion and brief, Defendant fails to show that the Court's exclusion of the August 2, 2010, e-mail is an "obvious, clear, unmistakable, manifest, or plain" defect. Fed R. Evid. 901(a) provides that "[t]o satisfy the requirement of authenticating . . . an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Defendant failed to produce any evidence

establishing that the August 2, 2010, e-mail was what Defendant claimed. Furthermore, while Defendant filed three motions to strike evidence attached to Plaintiff's motion for summary judgment, Defendant never responded to Plaintiff's arguments that the August 2, 2010, e-mail was inadmissible.

In essence, the instant motion expresses only Defendant's disagreement with the Court's decision to grant Plaintiff summary judgment. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008). As such, Defendant's motion for reconsideration fails to state a palpable defect by which the Court has been misled. Rather, Defendant's motion presents issues that the Court has already ruled upon. *See* E.D. Mich. L.R. 7.1(h)(3).

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for reconsideration [dkt 36] is DENIED.

IT IS SO ORDERED.

                                                                                                              s/Lawrence P. Zatkoff
                                                                                                              LAWRENCE P. ZATKOFF
                                                                                                              UNITED STATES DISTRICT JUDGE

Dated: July 18, 2012

CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 18, 2012.

            s/Marie E. Verlinde
            Case Manager
            (810) 984-3290